IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

BRIAN B. FUNK, individually,

       Plaintiff,

v.

HOWARD A. RYAN, individually,

       Defendant.

## COMPLAINT

Plaintiff, BRIAN B. FUNK ("Mr. Funk"), through his counsel, hereby sues Defendant, HOWARD A. RYAN ("Defendant"), and alleges:

## PARTIES

1.     Plaintiff, Brian B. Funk, is a citizen of Florida who presently resides at the following address:  610 S. Rome Avenue, #504, Tampa, Florida, 33606.

2.     Defendant, Howard A. Ryan, is a citizen of Colorado who lives at or is located at the following addresses: 515 Lafayette Street, Denver, Colorado, 80218 and/or 816 W. 8th Avenue, Denver, Colorado, 80218.

## JURISDICTION

3.    Jurisdiction is based upon 28 U.S.C. § 1332(a) in that complete diversity exists between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4.    Venue is proper in this district under 28 U.S.C. § 1391(a)(1) in that Defendant resides in this district.

## ALLEGATIONS

5.    This is an action for breach of four promissory notes and a related contract.  The relevant facts are set forth below.

6.    All conditions precedent to bringing this action have occurred, been fulfilled, or been waived.

### Count I – Breach of Promissory Note
Note dated August 16, 2007

7.    Mr. Funk realleges and incorporates the allegations of paragraphs 1 through 6 above as if fully set forth herein.

8.    On or about August 16, 2007, Defendant, as borrower, signed a document titled "Demand Note" (the "First Demand Note") promising to pay Mr. Funk, as lender, the original principal sum of $160,000.00 plus interest.  A copy of the First Demand Note is attached hereto and incorporated herein by reference as **Exhibit "A."**

9.    The First Demand Note provides, in pertinent part, that "Howard Andrew Ryan … promises to pay Brian B. Funk …, on demand, one hundred sixty thousand dollars ($160,000) plus

2

interest at … a rate of 5% per annum, with interest accruing f[r]om the date hereof, on a cumulative, compounding basis until this note and any accrued interest has been paid in full."

10.     The First Demand Note further provides that "The outstanding principal and all accrued and unpaid interest due shall be paid in full no later than August 16, 2009."

11.     Defendant failed to pay Mr. Funk the outstanding principal amount of the First Demand Note, $160,000.00, and the full amount of the accrued interest on the First Demand Note, on or before August 16, 2009.

12.     On August 24, 2009, Mr. Funk, through counsel, sent a letter to Defendant demanding payment for the outstanding principal and interest on the First Demand Note. A copy of this letter is attached hereto and incorporated herein by reference as **Exhibit "B."**

13.     Defendant failed to respond to Mr. Funk's August 24, 2009 letter.

14.     Defendant breached the First Demand Note by, among other things,

      a.   failing to pay Mr. Funk the principal amount of the First Demand Note on or before August 16, 2009;

      b.   failing to pay Mr. Funk the principal amount of the First Demand Note upon Mr. Funk's demand;

      c.   failing to pay Mr. Funk all interest due and owing on the First Demand Note on or before August 16, 2009; and

      d.   failing to pay Mr. Funk all interest due and owing on the First Demand Note upon Mr. Funk's demand.

15.     As a result of Defendant's breach of the First Demand Note, Mr. Funk has suffered principal damages of $160,000.00, plus the accrued and unpaid interest thereon.

WHEREFORE, Mr. Funk demands judgment against Defendant for damages, pre-judgment interest, costs, and for such further relief as this Court deems proper.

### Count II – Breach of Promissory Note
Note dated August 22, 2007

16.    Mr. Funk realleges and incorporates the allegations of paragraphs 1 through 6 above as if fully set forth herein.

17.    On or about August 22, 2007, Defendant, as borrower, signed a document titled "Demand Note" (the "Second Demand Note") promising to pay Mr. Funk, as lender, the original principal sum of $15,000.00 plus interest. A copy of the Second Demand Note is attached hereto and incorporated herein by reference as **Exhibit "C."**

18.    The Second Demand Note provides, in pertinent part, that "Howard Andrew Ryan … promises to pay Brian B. Funk …, on demand, fifteen thousand dollars ($15,000) plus interest at … a rate of 5% per annum, with interest accruing f[r]om the date hereof, on a cumulative, compounding basis until this note and any accrued interest has been paid in full."

19.    The Second Demand Note further provides that "The outstanding principal and all accrued and unpaid interest due shall be paid in full no later than August 22, 2009."

20.    Defendant failed to pay Mr. Funk the outstanding principal amount of the Second Demand Note, $15,000.00, and the full amount of the accrued interest on the Second Demand Note, on or before August 22, 2009.

21.    On August 24, 2009, Mr. Funk, through counsel, sent a letter to Defendant demanding payment for the outstanding principal and interest on the Second Demand Note. A copy of this letter is attached hereto and incorporated herein by reference as Exhibit "B."

22.    Defendant failed to respond to Mr. Funk's August 24, 2009 letter.

23.    Defendant breached the Second Demand Note by, among other things,

      e.  failing to pay Mr. Funk the principal amount of the Second Demand Note on or before August 22, 2009;

      f.  failing to pay Mr. Funk the principal amount of the Second Demand Note upon Mr. Funk's demand;

      g.  failing to pay Mr. Funk all interest due and owing on the Second Demand Note on or before August 22, 2009; and

      h.  failing to pay Mr. Funk all interest due and owing on the Second Demand Note upon Mr. Funk's demand.

24.    As a result of Defendant's breach of the Second Demand Note, Mr. Funk has suffered principal damages of $15,000.00, plus the accrued and unpaid interest thereon.

WHEREFORE, Mr. Funk demands judgment against Defendant for damages, pre-judgment interest, costs, and for such further relief as this Court deems proper.

### Count III – Breach of Promissory Note
Note dated August 30, 2007

25.    Mr. Funk realleges and incorporates the allegations of paragraphs 1 through 6 above as if fully set forth herein.

26.    On or about August 30, 2007, Defendant, as borrower, signed a document titled "Demand Note" (the "Third Demand Note") promising to pay Mr. Funk, as lender, the original principal sum of $25,000.00 plus interest.  A copy of the Third Demand Note is attached hereto and incorporated herein by reference as **Exhibit "D."**

27.     The Third Demand Note provides, in pertinent part, that "Howard Andrew Ryan ... promises to pay Brian B. Funk ..., on demand, twenty-five thousand dollars ($25,000) plus interest at ... a rate of 5% per annum, with interest accruing f[r]om the date hereof, on a cumulative, compounding basis until this note and any accrued interest has been paid in full."

28.     The Third Demand Note further provides that "The outstanding principal and all accrued and unpaid interest due shall be paid in full no later than August 30, 2009."

29.     Defendant failed to pay Mr. Funk the outstanding principal amount of the Third Demand Note, $25,000.00, and the full amount of the accrued interest on the Third Demand Note, on or before August 30, 2009.

30.     On September 8, 2009, Mr. Funk, through counsel, sent a letter to Defendant demanding payment for the outstanding principal and interest on the Third Demand Note. A copy of this letter is attached hereto and incorporated herein by reference as **Exhibit "E."**

31.     Defendant failed to respond to Mr. Funk's September 8, 2009 letter.

32.     Defendant breached the Third Demand Note by, among other things,

   i.    failing to pay Mr. Funk the principal amount of the Third Demand Note on or before August 30, 2009;

   j.    failing to pay Mr. Funk the principal amount of the Third Demand Note upon Mr. Funk's demand;

   k.    failing to pay Mr. Funk all interest due and owing on the Third Demand Note on or before August 30, 2009; and

   l.    failing to pay Mr. Funk all interest due and owing on the Third Demand Note upon Mr. Funk's demand.

6

33.     As a result of Defendant's breach of the Third Demand Note, Mr. Funk has suffered

principal damages of $25,000.00, plus the accrued and unpaid interest thereon.

WHEREFORE, Mr. Funk demands judgment against Defendant for damages, pre-judgment

interest, costs, and for such further relief as this Court deems proper.

## Count IV – Breach of Promissory Note
Note dated October 3, 2007

34.     Mr. Funk realleges and incorporates the allegations of paragraphs 1 through 6 above

as if fully set forth herein.

35.     On or about October 3, 2007, Defendant, as borrower, signed a document titled

"Demand Note" (the "Fourth Demand Note") promising to pay Mr. Funk, as lender, the original

principal sum of $5,000.00 plus interest. A copy of the Fourth Demand Note is attached hereto and

incorporated herein by reference as **Exhibit "F."**

36.     The Fourth Demand Note provides that "Howard Andrew Ryan promises to pay Brian

B. Funk, on demand, $5,000 (five thousand dollars) plus interest at a rate of 5% per annum (five

percent), with interest accruing from the date hereof, on a cumulative, compounding basis until this

note and any accrued interest has been paid in full."

37.     The Fourth Demand Note further provides that "The outstanding principal and all

accrued and unpaid interest due shall be paid in full no later than October 3, 2007." The October 3,

2007 date in the Fourth Demand Note is a scrivener's error. The maturity date of the Fourth Demand

Note was supposed to read "October 3, 2009."

38.     Defendant failed to pay Mr. Funk the outstanding principal amount of the Fourth Demand Note, $5,000.00, and the full amount of the accrued interest on the Fourth Demand Note, on or before October 3, 2009.

39.     On October 27, 2009, Mr. Funk, through counsel, sent a letter to Defendant demanding payment for the outstanding principal and interest on the Fourth Demand Note. A copy of this letter is attached hereto and incorporated herein by reference as **Exhibit "G."**

40.     Defendant breached the Fourth Demand Note by, among other things,

    m.  failing to pay Mr. Funk the principal amount of the Fourth Demand Note on or before October 3, 2009; and

    n.  failing to pay Mr. Funk all interest due and owing on the Fourth Demand Note on or before October 3, 2009.

41.     As a result of Defendant's breach of the Fourth Demand Note, Mr. Funk has suffered principal damages of $5,000.00, plus the accrued and unpaid interest thereon.

WHEREFORE, Mr. Funk demands judgment against Defendant for damages, pre-judgment interest, costs, and for such further relief as this Court deems proper.

### Count V – Breach of Contract

42.     Mr. Funk realleges and incorporates the allegations of paragraphs 1 through 6, 8, 17, 26, and 35 above as if fully set forth herein.

43.     On or about May 23, 2008, Defendant entered into an agreement (the "Agreement") with Mr. Funk whereby Defendant agreed to make payments of Two Thousand Dollars ($2,000.00) per month (the "Note Payment") to Mr. Funk. A true and correct copy of the Agreement is attached hereto and incorporated herein by reference as **Exhibit "H."**

44.    Defendant agreed to make the Note Payment towards repayment of Defendant's obligations to Mr. Funk pursuant to the First Demand Note, Second Demand Note, Third Demand Note, and Fourth Demand Note (the "Notes") in exchange for Mr. Funk's agreement to refrain from demanding payment on the Notes, other than the Note Payment, until their respective maturity dates.

45.    Defendant agreed to make the first Note Payment on December 15, 2008, and to continue making the Note Payment until the maturity date set forth in the respective Notes.

46.    The Fourth Demand Note's maturity date is October 5, 2009 and, therefore, pursuant to the Agreement, Defendant was required to make the Note Payment through October, 2009.

47.    The Agreement provides that the Note Payment shall be applied to the accrued interest on the Notes first and then to the outstanding principal.

48.    Defendant breached the Agreement by, among other things,

      o.    Repeatedly making the Note Payment late, i.e. after the 15th of each month; and

      p.    Failing to make the Note Payment in August, 2009, September, 2009 and October, 2009.

49.    As a result of Defendant's breach of the Agreement, Mr. Funk has suffered damages, including but not limited to the amount of the unpaid Note Payment for August, 2009, September, 2009, and October, 2009.

50.    Mr. Funk is entitled to his attorneys' fees pursuant to the Agreement.

WHEREFORE, Mr. Funk demands judgment for damages against Defendant for damages, attorneys' fees, prejudgment interest, costs, and such further relief as this Court deems proper.

## Count VI – Money Lent

51.     Mr. Funk realleges and incorporates the allegations of paragraphs 1 through 6 above as if fully set forth herein.

52.     To the extent that Mr. Funk is not granted complete relief under Counts I through V of this Complaint, Mr. Funk would not have an adequate remedy at law to enforce his rights. Accordingly, this count seeks alternative relief.

53.     Defendant owes Mr. Funk $160,000.00 that is due with interest since August 16, 2007, for money Mr. Funk lent to Defendant on August 16, 2007.

54.     Defendant owes Mr. Funk $15,000.00 that is due with interest since August 22, 2007, for money Mr. Funk lent to Defendant on August 22, 2007.

55.     Defendant owes Mr. Funk $25,000.00 that is due with interest since August 30, 2007, for money Mr. Funk lent to Defendant on August 30, 2007.

56.     Defendant owes Mr. Funk $5,000.00 that is due with interest since October 3, 2007, for money Mr. Funk lent to Defendant on October 3, 2007.

WHEREFORE, Mr. Funk demands judgment for damages against Defendant for $205,000.00, prejudgment interest, costs, and such further relief as this Court deems proper.

## Count VII – Money Had and Received

57.     Mr. Funk realleges and incorporates the allegations of paragraphs 1 through 6 above as if fully set forth herein.

58.     To the extent that Mr. Funk is not granted complete relief under Counts I through V of this Complaint, Mr. Funk would not have an adequate remedy at law to enforce his rights. Accordingly, this count seeks alternative relief.

59. Defendant has received money which, in equity and good conscience, he ought to repay to Mr. Funk.

60. Specifically, Defendant received from Mr. Funk $160,000.00 on August 16, 2007, $15,000.00 on August 22, 2007, $25,000.00 on August 30, 2007, and $5,000.00 on October 3, 2007.

61. Defendant was obligated to repay the amounts described above with interest, but failed to do so.

WHEREFORE, Mr. Funk demands judgment for damages against Defendant, prejudgment interest, costs, and such further relief as this Court deems proper.

### Count VIII – Unjust Enrichment

62. Mr. Funk realleges and incorporates the allegations of paragraphs 1 through 6 above as if fully set forth herein.

63. To the extent that Mr. Funk is not granted complete relief under Counts I through V of this Complaint, Mr. Funk would not have an adequate remedy at law to enforce his rights. Accordingly, this count seeks alternative relief

64. Mr. Funk conferred a benefit upon Defendant when he made multiple loans to Defendant that totaled $205,000.00 (the "Loan Amount").

65. Defendant appreciated this benefit when he retained and/or used the Loan Amount that Mr. Funk provided to Defendant.

66. Defendant accepted and retained the benefit Mr. Funk provided to him and did not reject or return the Loan Amount Mr. Funk provided.

67. It would be inequitable for Defendant to retain the benefit Mr. Funk conferred upon him without requiring Defendant to repay Mr. Funk for the Loan Amount.

WHEREFORE, Mr. Funk demands judgment against Defendant for damages, imposition of a constructive trust, restitution, prejudgment interest, costs, and such further relief as this Court deems just and proper.

Dated: _November 6, 2009_

s/ _Daniel R. McCune_

Daniel R. McCune, Esq.
Gwen M. Rogers, Esq.
Kennedy Childs & Fogg, P.C.
1050 Seventeenth Street, Suite 2500
Denver, Colorado 80265-2080
Ph: (303) 825-2700
Fax: (303) 825-0434
dmccune@kcfpc.com
grogers@kcfpc.com

*Counsel for Plaintiff Brian Funk*

Plaintiff's Address:
Brian B. Funk
610 S. Rome Avenue, #504
Tampa, Florida 33606